### G. J. CARTER & CO. v. THE TOWN OF LEAKSVILLE.

(Filed 14 November, 1917.)

1. **Municipal Corporations—Cities and Towns — Bridges — Negligence—Instructions—Contentions—Evidence—Trials.**

   The proper authorities of an incorporated town are required to construct and maintain bridges upon its streets of sufficient strength to bear up the weight of any vehicle of transit that could reasonably be expected in the vicinity where it is placed; and where there is evidence that the plaintiff's loaded motor truck, damaged by the giving away of a bridge on the street of defendant town, was greater in weight than that which could reasonably have been anticipated there, it is not error for the trial judge to state the defendant's contention as to this phase of controversy, that plaintiff knew or had reason to know when he drove upon the bridge that it could not stand the strain.

2. **Issues — Negligence — Contributory Negligence — Trials — Appeal and Error—Harmless Error.**

   While it is desirable that issues as to negligence and contributory negligence should be separately submitted to the jury when they properly arise upon the trial of a controversy, the failure of the trial judge to submit the second issue, leaving the case to be determined under the first, is not reversible error when it appears that the objecting party has been properly given the benefit of every position open to him on the evidence and pleadings.

CIVIL ACTION, tried before his Honor, *W. F. Harding, J.,* and a jury, at February Term, 1917, of ROCKINGHAM.

The action was to recover damages for injury to a motor truck of plaintiff caused by the giving away of a bridge on a street in the town of Leaksville, and for maintenance of which the town was responsible.

The cause was submitted to the jury on the two issues: First, as to defendant's negligence; second, damages.

There was verdict on first issue for defendant.

Judgment, and plaintiff excepted and appealed, assigning errors.

*C. O. McMichael* for plaintiff.
*P. W. Glidewell and A. W. Dunn* for defendant.

36—174

HOKE, J. We have given this case careful consideration, and we are of opinion that no error has been shown that would justify the Court in disturbing the results of the trial.

It was chiefly insisted for plaintiff that the court in its charge, when stating certain contentions of defendant, gave recognition and emphasis to facts well calculated to influence the action of the jury when there had been no evidence of such facts presented, and particularly to the position urged that plaintiff drove on the bridge with an excessive load, and when he knew or had reason to know that the bridge was not strong enough to stand the strain to which it would be subjected.

We have held, at this term, in *Barham v. Holland,* that, under certain circumstances, this may be so prejudicial as to constitute reversible error, but the position is not open to plaintiff on this record for the reason that, while defendant offered no testimony, there were facts in evidence on the part of the plaintiff which permitted the inference referred to, and the suggestion therefore was well within the range of legitimate argument and was not improperly recognized as such in the charge of the court. Nor do we think that the court in its charge was improperly restrictive as to the duty resting on defendants in reference to the strength of the bridge they were required to build. Construing the charge as a whole, the correct way of interpreting it (*S. v. Exum,* 138 N. C., 599), it imposed upon defendants the duty of constructing and maintaining a bridge of sufficient strength to bear up the weight of any vehicle of transit that could be reasonably expected in the vicinity where it was placed, and this, in our opinion, was the correct measure of defendant's duty concerning it.

Again, it was objected that his Honor, after declining to submit an issue on contributory negligence, as requested by defendant, allowed the jury to consider the testimony tending to establish contributory negligence in determining the first issue.

There was averment of contributory negligence in the answer, with facts in evidence tending to support it. In such case, we have frequently said that it is better to submit a separate issue directly responsive to the pleading and proof. It has been also held, however, that the failure to submit such an issue will not constitute error when it appears that the objecting party has been properly given the benefit of every position open to him on the evidence in the determination of the first issue. *Ruffin v. R. R.,* 142 N. C., 120.

In the present instance, we are unable to see that the plaintiff or his cause has been in any way prejudiced in this respect by the manner in which this evidence was submitted to the jury, and on perusal of the entire record we must hold that no prejudicial error has been made to appear.

No error.